Mr. Salvatore Dipippa, as surviving     \*  
Spouse and Personal Representative     \*  
of the Estate of Edna Carter     \*  
6014 Park Road     \*  
Berwick, Pennsylvania 18603     \*

    \*

    \*

       Plaintiff     \*

    \*

v.     \*

    \*

Olympus Optical Co., Ltd.     \*  
Serve: Pres. Tsuyoshi Kikukawa     \*  
Shinjuko Monolith     \*  
3-1 Nishi-Shinjuku 2-chome     \*  
Shinjuku-ku, Tokyo     \*  
Japan 163-0914     \*

    \*

and     \*

    \*

Olympus America, Inc.     \*  
Serve: President/C.E.O.     \*  
2 Corporate Center Drive     \*  
Melville, New York 11747-3157     \*

    \*

Defendants     \*

    \*

    \*

    \*

IN THE UNITED STATES

DISTRICT COURT

FOR MARYLAND AT

BALTIOMRE

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2005 FEB -8 P 3: 58

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

ADB ■ 05 CV 383

CIVIL ACTION NO.:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

     COMES NOW the plaintiff, Salvatore Dipippa, as surviving spouse and

Personal Representative of the Estate of Edna Carter, by and through his attorney Paul A.

Weykamp and the law offices of Paul A. Weykamp, and brings suit against the

defendants, Olympus Optical Co., Ltd, and Olympus America, Inc., and for good cause

states:

1.     Plaintiff, Sal Dipippa is a resident of Anne Arundel County, State of Maryland.

2.     The Plaintiff, Sal Dipippa, is the surviving spouse and Personal Representative of the Estate of Mrs. Edna Carter; Mrs. Edna Carter is hereinafter frequently referred to as the "plaintiff's deceased".

3.     Defendant, Olympus Optical Co., Ltd., is a corporation incorporated in Japan with its principal place of business located in Tokyo, Japan. Defendant manufactured and distributed Olympus Bronchoscopes throughout the United States, including the State of Maryland and is subject to the jurisdiction of the courts of the State of Maryland. At all times relevant herein, defendant Olympus Optical Corporation engaged in the design, manufacture, production, testing, inspection, labeling, advertising, sales, promotion, importation, and/or distribution of Olympus Bronchoscopes, for ultimate sale and/or use in the United States of America, including but not limited to the State of Maryland as well as in various foreign jurisdictions.

4.     Defendant, Olympus America, Inc., is a corporation with its principal place of business located in Melville, New York. The Defendant manufactures and distributes Olympus Bronchoscopes throughout the United States, including the State of Maryland and is subject to the jurisdiction of the courts of the State of Maryland. At all times relevant herein, defendant Olympus America Corporation engaged in the design, manufacture, production, testing, inspection, labeling, advertising, sales, promotion, importation, and/or distribution of Bronchoscopes, for ultimate sale and/or use in the United States of America, including but not limited to the State of Maryland as well as in various foreign jurisdictions.

Jurisdiction

5.      Jurisdiction of this Court is founded upon Title 28 § 1332 of the Judiciary and

Judicial Procedure.

6.      Venue in this action lies in Maryland-Northern Division pursuant to 28 § 100(1)

of the Judiciary and Judicial Procedure.


Facts Pertaining to All Counts of Complaint

7.      In January of 2002, the Plaintiff's deceased, Mrs. Edna Carter, was diagnosed

with chronic bilateral pleural effusions, for which she underwent a Bronchoalveolar

Lavage in which an Olympic Bronchoscope, was used on the Plaintiff's deceased, Edna

Carter, by Dr. Michele Cerino.

8       After a week of the Bronchoalveolar Lavage, Edna Carter began to suffer from

multiple infections, necessitating a long and varied course of antibiotics and testing, and

suffered continuously from severe pain and discomfort.

9.      Edna Carter contracted a Pseudomonas infection as a result of the bronchoscope's

faulty design. That the design of the bronchoscope included a loose biopsy port that

prevented the bronchoscope from being properly cleaned and sterilized.

10.     That as a result of the product defect, the plaintiff's deceased, Mrs. Edna Carter,

developed a fatal infection, which ultimately took her life on February 8, 2002.

11.     That the plaintiff, Mr. Salvatore Dipippa suffered severe emotional pain and

suffering as a result of the loss of his wife, Mrs. Edna Carter.

12.     At all time relevant, Olympus Optical Company and Olympus America

Incorporated together, or by the use of others, did manufacture, create, design, assemble,

3

package, distribute, promote, supply, market, sell, advertise, and otherwise distribute in interstate commerce, the product Olympus Bronchoscope.

13.     At all times material hereto, Olympus Optical Company and Olympus America Incorporated have sold, delivered, and/or distributed such products for ultimate sale and/or use in the State of Maryland by incontinent patients including the Plaintiff's deceased, Mrs. Edna Carter.

14.     At all times material hereto, Olympus Optical Company and Olympus America Incorporated were acting by and through their agents, servants, and/or employees, each of whom was acting within the scope of and course of their employment, agency or authority.

15.     The labels and warnings, which accompanied the Olympus Bronchoscope when it was originally marketed and sold, did not contain warnings or explanations sufficient to reflect the risk of infection.

16.     In November, 2001 Olympus Optical Company and Olympus America Incorporated recalled the Olympus Bronchoscope.

17.     Olympus Optical Company and Olympus America Incorporated, inefficiently executed the recall; as a result several hospitals were unaware of the recall and withdrawal of the Olympus Bronchoscope.

18.     On information and belief, Olympus Optical Company and Olympus America Incorporated knew about the Olympus Bronchoscope's propensity to cause infection prior to the time said device was used on Plaintiff's deceased, Mrs. Edna Carter. By failing to include complete and accurate warnings at the outset of their marketing, selling activities and recall, Olympus Optical Company and Olympus America Incorporated

falsely and fraudulently kept relevant information from potential recipients of the Olympus Bronchoscope, and minimized user concern regarding the safety of the product.

19.     Olympus Optical Company and Olympus America Incorporated failed to protect or adequately warn users about the serious dangers, which it knew or should of known would result from the use of the Olympus Bronchoscope.

20.     In addition, upon information and belief, Olympus Optical Company and Olympus America Incorporated informed physicians, including but not limited to Dr. Michele Cerino, during promotional meetings and conventions that the Olympus Bronchoscope was a safe and effective product, when in fact it was not.


## COUNT I

Negligence by Olympus Optical Company and Olympus America Incorporated – Survival Action


21.     Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, incorporates by reference the allegations set forth in paragraphs 1 through 20 of this Complaint as though set forth in full herein.

22.     Olympus Optical Company and Olympus America Incorporated had a duty to exercise reasonable care in the manufacture, sale, and/or distribution of the Olympus Bronchoscope in to the stream of commerce, including a duty to assure that the product did not cause users to suffer foreseeable unreasonable dangerous side effects and serious health problems.

23.    Olympus Optical Company and Olympus America Incorporated failed to exercise due care in the manufacture, sale, testing, marketing, quality assurance, quality control, and/or distribution of the Olympus Bronchoscope in that they:

a.    Failed to use due care in designing and manufacturing the Olympus Bronchoscope so as to avoid the aforementioned risks to individuals when the Olympus Bronchoscope was being used for detection of lung problems;

b.    Failed to accompany their product with proper warning regarding all possible adverse side effects and health risks associated with the use of the Olympus Bronchoscope and the comparative severity and duration of such adverse effects;

c.    The warnings did not accurately reflect the symptoms, scope or severity of the side effects and health risks;

d.    Failed to conduct adequate pre-clinical and clinical testing and post marketing surveillance to determine the safety of the Olympus Bronchoscope;

e.    Failed to provide adequate training or information to medical providers for appropriate sterilization and use of the Olympus Bronchoscope;

f.    Failed to adequately warn consumers and medical professionals (but instead actively encouraged the sale of the Olympus Bronchoscope) about the following: (1) the

possibility of infection; (2) the possibility that extensive antibiotic treatment would be

necessary to treat infection; (3) that the health risks posed by the Olympus Bronchoscope

may become debilitating, difficult, painful, and fatal, necessitating treatment, removal,

surgery, extensive diagnostic testing and/or repeated visits to the doctor, clinic, or

hospital;

g.      Failed to adequately test and/or warn about the use of the Olympus

Bronchoscope, including, without limitation, the possible adverse effects and health risks

caused by the use of the Olympic Bronchoscope;

h.      Failed to adequately warn users, consumers and physicians about the severity,

scope, and likelihood of infection and related dangerous conditions to individuals using

the Olympus Bronchoscope;

i.      Represented to physicians, including but not limited to Mrs. Edna Carter's

physician, that this medical device was safe and effective for use;

j.      Once Defendant's were made aware of the serious health effects of the Olympus

Bronchoscope, they failed to adequately, timely, and promptly relay that information to

the implanting physician or ultimate users; and

k.      Was otherwise careless and negligent.

24.    Despite the fact that Olympus Optical Company and Olympus America Incorporated knew or should have known that the Olympus Bronchoscope caused unreasonable, dangerous side effects and posed potentially serious health risks which many users would be unable to remedy by any means, Olympus Optical Company and Olympus America Incorporated continued to market the Olympus Bronchoscope to physicians and consumers, including Plaintiff's deceased, when there were safer alternative methods and devices available for her condition.

25.    Defendants knew or should have known that consumers such as Plaintiff's Deceased would suffer foreseeable serious injury as a result of Defendants' failure to exercise due care.

26.    Because of the breach of duty and negligent conduct of the Defendants, in the manner set forth above, Plaintiff's deceased has sustained general and special damages. The acts and omissions of the Defendants, in the manner described above, were the direct and proximate cause of Plaintiff's injuries. Therefore, Plaintiff's deceased has a cause of action in negligence against the Defendants in an amount substantially in excess of the jurisdictional limits of this court.

WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays for judgment against Olympus Optical Company and Olympus America Incorporated for damages in the amount of $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

b.    For punitive damages as are fair and reasonable;

c.    For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT II

Negligent Failure to Warn- Survivor Action

27.    Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set forth in paragraphs 1 through 26, inclusive as though fully set out herein.

28.    Defendants, Olympus Optical Company and Olympus America Incorporated, are the manufacturer and/or supplier of the Olympus Bronchoscope. The Defendants had an independent duty, once Defendants had voluntarily initiated its bronchoscope recall, to conduct the recall effort in a reasonable manner on November 30, 2001.

29.    Defendant knew or should have known that consumers such as Plaintiff's deceased would suffer foreseeable serious injury as a result of Defendant's failure to exercise ordinary care as described.

30.    As the proximate, producing cause and legal result of the negligent recall of the Olympus Bronchoscope as manufactured and supplied by the Defendants, Plaintiff's deceased has suffered damages as described herein.

WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays judgment against the Defendants for damages in the amount of $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

b.     For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.


## COUNT III

Strict Product Liability (Failure to Warn)- Survival Action

31.     Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set forth in paragraphs 1 through 30, inclusive as though fully set out herein.

32.     Defendants, Olympus Optical Company and Olympus America Incorporated, are the manufacturer and/or supplier of the Olympus Bronchoscope. This medical device was not accompanied by proper warnings regarding possible infection, and that the warnings did not accurately reflect the symptoms, scope or severity of such injuries and health risks. Defendants failed to effectively warn users and physicians that the potential for serious damage existed, and there was no way to know which patients would suffer the infection.

33.     Defendant failed to perform adequate testing in that adequate testing would have shown that the Olympus Bronchoscope posed risks of serious infection and related conditions and diseases, with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

34.     Defendant knew, or should have known, that the Olympus Bronchoscope was a dangerously defective product which poses unacceptable risks unknown and unknowable by the consuming public of serious infection and related conditions and diseases.

35.    The Olympus Bronchoscope manufactured and/or supplied by the Defendants were defective due to inadequate warnings because after the Defendants knew or should have known the risk of infection, they failed to provide adequate warnings to consumers of the product and continued to aggressively promote the dangerously defective devices.

36.    As the proximate, producing cause and legal result of the defective condition of the Olympus Bronchoscope as manufactured and supplied by the Defendants, Plaintiff's deceased has suffered damages described herein.

WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays judgment against the Defendants for damages in the amount of  $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

b.    For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.


COUNT IV

Strict Product Liability (Defective Product)- Survival Action

37.    Plaintiff Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set forth in paragraph 1 through 36, inclusive, as though fully set out herein.

38.    The Defendants are the manufacturers of the Olympus Bronchoscope. This device manufactured and/or supplied by Defendants were defective due to:

a.    Defective design in that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design;

b.      Defective design, in that it when it left the hands of the manufacturer and/or

suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary

consumer would expect, and more dangerous than other devices of its nature;

c.      Inadequate warnings or instructions because the Defendants knew or should have

known that the product created a risk of serious infection an related conditions and

diseases;

d.      Inadequate post-marketing warning or instruction because, after the Defendants

knew or should have known of the risk of serious infection and related conditions and

diseases, they failed to provide adequate warning to users or consumers of the product

and continued to promote the product.

39.     As the proximate, producing cause and legal result of the defective condition of

the Olympus Bronchoscope as manufactured and/or supplied by the defendants, and a

direct and legal result of the negligence, disregard carelessness, and other wrongdoing

and actions(s) of the Defendants, Plaintiff's deceased has suffered damages herein.

        WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal

Representative of the Estate of Mrs. Edna Carter, prays judgment against the defendants

for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

b.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT V

Breach of Express Warranty- Survival Action

40.     Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set forth in paragraphs 1 through 39 inclusive, as though fully set out herein.

41.     The Defendants expressly warranted that the Olympus Bronchoscope was safe and effective as clinically tested and was of merchantable quality and fit for the use for which the device was intended. The Defendants made these representations to Dr. Michele Cerrino, the applying physician, and the American public. The Olympus Bronchoscope does not conform to these express representations because the Olympus Bronchoscope is not safe and presents a high risk of serious side effects, including infection.

42.     As a direct result and proximate result of such breach of express warranties, Plaintiff's deceased has sustained damages as described herein.

WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays judgment against the Defendants for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

b.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT VI

Breach of Implied Warranties- Survival Action

43.    Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set in paragraphs 1 through 42 inclusive, as they fully set out herein.

44.    At the time the defendant manufactured, designed, marketed, sold, and distributed the Olympus Bronchoscope for use by the Plaintiff, the Defendants knew of the use for which the said device was intended and knew of the serious risks and dangers associated with such use of the Olympus Bronchoscope.

45.    The Defendants made a false representation as to the risks and benefits of the Olympus Bronchoscopes to the practicing physician and ultimate users. Plaintiff's decreased relied on the Defendants' representation as to the risks and benefits of the device.

46.    As a direct and proximate result of such misrepresentation by the Defendants, Plaintiff's deceased, Edna Carter suffered damages.

WHEREFORE, Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays judgment against the Defendants for damages in the amount of $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

b.    For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

<u>Count VII</u>

Negligent Misrepresentation- Survival Action

47.     Plaintiff, Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, hereby incorporates by reference the allegations set in paragraph 1 through 46 inclusive, as though fully set out herein.

48.     At the time the Defendant manufactured, designed, marketed, sold, and distributed the Olympus Bronchoscope for use by the Plaintiff's deceased, the Defendant's knew or should of known of the use for which the Olympus Bronchoscope was intended and knew or should have known of the serious risks and dangers associated with such use of the Olympus Bronchoscope.

49.     Defendant Owed a duty to practicing physicians and ultimate end users including Plaintiff's deceased, Mrs. Edna Carter, to accurately and truthfully represent the risks and benefits of the Olympus Bronchoscope. The Defendants breached that duty by misrepresenting the risks and benefits of the Olympus Bronchoscope to the practicing physician and ultimate users, including Mrs. Edna Carter.

50.     As a direct and proximate result of such negligent misrepresentation by the Defendants, Plaintiff's deceased suffered damages.

WHEREFORE, Plaintiff Mr. Salvatore Dipippa, individually and as Personal Representative of the Estate of Mrs. Edna Carter, prays judgment against the Defendants for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

b.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

Count VIII

Negligence- Mr. Salvatore Dipippa, individually

51.     The Plaintiff, Mr. Salvatore Dipippa, as Husband to Mrs. Edna Carter, brings this

action for wrongful death and hereby incorporates by reference the allegations ser forth in

paragraphs 1 through 50 of the Complaint as though fully set out herein. Also, for good

cause states that at all relevant times, the plaintiff and Mrs. Edna Carter were husband

and wife.

52.     That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has

been made to suffer mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, attention, device, and counsel.

        WHEREFORE, the Plaintiff, Mr. Salvatore Dipippa, individually as Surviving

Spouse of Mrs. Edna Carter, prays for judgment against the Defendants, Olympus Optical

Company and Olympus America Incorporated, for damages in the amount of

$2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

b.      For punitive damages as are fair and reasonable;

c.      For Plaintiff's costs herein expended and for such other and further relief as this

court deems just and proper.

Count IV

Negligent Failure to Warn- Mr. Salvatore Dipippa, Individually

53.      The Plaintiff, Mr. Salvatore Dipippa, brings this action for wrongful death and hereby incorporates by reference the allegations set forth in paragraphs 1 through 52 of the Complaint as set forth in full herein. Also, for good cause states that at all relevant times, the plaintiff and Mrs. Edna Carter were husband and wife.

54.      That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has been made to suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, attention, device, and counsel.

WHEREFORE, the Plaintiffs, Mr. Salvatore Dipippa, individually as Surviving Spouse of Mrs. Edna Carter, prays for judgment against the Defendants, Olympus Optical Company and Olympus America Incorporated, for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

b.      For punitive damages as are fair and reasonable;

c.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT X

Strict Product Liability (Failure to Warn)-Mr. Salvatore Dipippa, Individually

55.      The Plaintiffs, Mr. Salvatore Dipippa, brings this action for wrongful death and hereby incorporates by reference the allegations set forth in paragraphs 1 through 54 of the Complaint as set forth in full herein. Also, for good cause states that at all relevant times, the plaintiff and Mrs. Edna Carter were husband and wife.

56.     That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has been made to suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, attention, device, and counsel.

WHEREFORE, the Plaintiff, Mr. Salvatore Dipippa, individually as Surviving Spouse of Mrs. Edna Carter, prays for judgment against the Defendants, Olympus Optical Company and Olympus America Incorporated, for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

c.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT XI

Strict Product Liability (Defective Product), Salvatore Dipippa, Individually

57.     The Plaintiff, Mr. Salvatore Dipippa, brings this action for wrongful death and hereby incorporates by reference the allegations set forth in paragraphs 1 through 56 of the Complaint as set forth in full herein. Also, for good cause states that at all relevant times, the Plaintiff and Mrs. Edna Carter were husband and wife.

58.     That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has been made to suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, attention, device, and counsel.

WHEREFORE, the Plaintiff, Mr. Salvatore Dipippa, individually as Surviving Spouse of Mrs. Edna Carter, pray for judgment against the Defendants, Olympus Optical Company and Olympus America Incorporated, for damages in the amount of $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

c.    For Plaintiff's costs herein expended and for such other and further relief as this

court deems just and proper.

## COUNT XII

Breach of Express Warranty, Salvatore Dipippa, Individually

59.    The Plaintiff, Mr. Salvatore Dipippa, brings this action for wrongful death and

hereby incorporate by reference the allegations ser forth in paragraphs 1 through 59 of the

Complaint as set forth in full herein. Also, for good cause states that at all relevant times,

the plaintiff and Mrs. Edna Carter were husband and wife.

60.    That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has

been made to suffer mental anguish, emotional pain and suffering, loss of society,

companionship, comfort, attention, device, and counsel.

        WHEREFORE, the Plaintiff, Salvatore Dipippa, individually, pray for judgment

against the Defendants, Olympus Optical Company and Olympus America Incorporated,

for damages in the amount of $2,000,000.00 for:

a.    For actual damages as are fair and reasonable;

c.    For Plaintiff's costs herein expended and for such other and further relief as this

court deems just and proper.

## Count XIII

Breach of Implied Warranties- Mr. Salvatore Dipippa, Individually

61.    The Plaintiff, Mr. Salvatore Dipippa, brings this action for wrongful death and

hereby incorporates by reference the allegations set forth in paragraphs 1 through 60 of

the Complaint as set forth in full herein. Also, for good cause states that at all relevant times, the Plaintiff and Mrs. Edna Carter were husband and wife.

62.     That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has been made to suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, attention, device, and counsel.

WHEREFORE, the Plaintiffs, Mr. Salvatore Dipippa, individually as Surviving Spouse of Mrs. Edna Carter, prays for judgment against the Defendants, Olympus Optical Company and Olympus America Incorporated, for damages in the amount of $2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

c.      For Plaintiff's costs herein expended and for such other and further relief as this court deems just and proper.

## COUNT XIV

Negligent Misrepresentation- Mr. Salvatore Dipippa, Individually

63.     The Plaintiff, Mr. Salvatore Dipippa, brings this action for wrongful death and hereby incorporates by reference the allegations set forth in paragraphs 1 through 62 of the Complaint as set forth in full herein. Also, for good cause states that at all relevant times, the plaintiff and Mrs. Edna Carter were husband and wife.

64.     That as a result of the death of his spouse, the Plaintiff, Mr. Salvatore Dipippa has been made to suffer mental anguish, emotional pain and suffering, loss of society, companionship, comfort, attention, device, and counsel.

WHEREFORE, the Plaintiff, Mr. Salvatore Dipippa, individually as Surviving Spouse of Mrs. Edna Carter, prays for judgment against the Defendants, Olympus Optical

Company and Olympus America Incorporated, for damages in the amount of

$2,000,000.00 for:

a.      For actual damages as are fair and reasonable;

c.      For Plaintiff's costs herein expended and for such other and further relief as this

court deems just and proper.

Respectfully Submitted,


                          THE LAW OFFICES OF PAUL A. WEYKAMP

                          BY _____

                              Paul A. Weykamp
                              Suite 201
                              110 Saint Paul Street
                              Baltimore, Maryland 21202
                              Telephone: (410) 539-2214
                              Email: pweykamp@weykamplaw.com
                                 Attorneys for Plaintiff


PRAYER FOR TRIAL BY JURY


       The Plaintiff prays for a trial by jury on all issues presented herein.


                          _____
                          Paul A. Weykamp