## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| SALVATORE DIPIPPA, as surviving Spouse and Personal Representative of the Estate of EDNA CARTER, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION NO.: 05CV383 <br> : |
| v. | : <br> : <br> : |
| OLYMPUS OPTICAL CO., LTD and OLYMPUS AMERICA INC., | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

### OLYMPUS AMERICA INC.'S ANSWER AND
### DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Olympus America Inc. ("OAI")[1], named as a defendant in the above-styled action, and files its Answer and Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

For its First Defense, OAI responds to the individually numbered paragraphs of plaintiff's Complaint as follows:

1.      OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 1 of plaintiff's Complaint.

---

[1]   To OAI's knowledge, Olympus Optical Co., Ltd., has not been served with a complaint. Olympus Optical Co., Ltd. is a separate legal entity and OAI is not responding in this Answer on behalf of Olympus Optical Co., Ltd.

2.      OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 2 of plaintiff's Complaint.

3.      OAI admits that Olympus Optical Co., Ltd. is a Japanese corporation, with its principal place of business in Tokyo, Japan.  OAI further admits that Olympus Optical Co., Ltd. manufactures bronchoscopes.  As to this defendant, OAI denies all remaining allegations contained in Paragraph 3 of plaintiff's Complaint.

4.      OAI admits it is a corporation with its principal place of business in Melville, New York. OAI denies it ever designed, manufactured, produced, tested, or labeled bronchoscopes or any other product.  OAI admits it distributed, inspected,  and sold bronchoscopes.  OAI denies all remaining allegations contained in Paragraph 4 of plaintiff's Complaint.

Jurisdiction

5.      OAI admits that plaintiff's Complaint asserts the existence of jurisdiction, but OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 5 of plaintiff's Complaint.

6.      OAI admits that plaintiff's Complaint asserts the existence of venue, but OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 6 of plaintiff's Complaint.

Facts Pertaining to All Counts of Complaint

7.      OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 7 of plaintiff's Complaint and therefore denies the same.

8.      OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 8 of plaintiff's Complaint and therefore denies the same.

9.      OAI denies all allegations contained in Paragraph 9 of plaintiff's Complaint.

10.     OAI denies all allegations contained in Paragraph 10 of plaintiff's Complaint.

11.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 11 of plaintiff's Complaint.

12.     OAI denies it ever created, designed, manufactured, assembled, produced, tested, or labeled bronchoscopes or any other product.  OAI admits it distributed, inspected, and sold bronchoscopes.  OAI denies all remaining allegations contained in Paragraph 12 of plaintiff's Complaint.

13.     OAI admits that bronchoscopes it sold or distributed have been sold and/or used in the State of Maryland.  OAI denies all remaining allegations contained in Paragraph 13 of plaintiff's Complaint.

14.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 14 of plaintiff's Complaint.

15.     OAI denies all allegations contained in Paragraph 15 of plaintiff's Complaint.

16.     OAI admits it initiated a recall of certain models of Olympus bronchoscopes, but there is no evidence a recalled scope was used with decedent.  OAI denies the remaining allegations contained in Paragraph 16 of plaintiff's Complaint.

17.     OAI denies all allegations contained in Paragraph 17 of plaintiff's Complaint.

18.     OAI denies all allegations contained in Paragraph 18 of plaintiff's Complaint.

19.     OAI denies all allegations contained in Paragraph 19 of plaintiff's Complaint.

20.     OAI denies all allegations contained in Paragraph 20 of plaintiff's Complaint.

COUNT I

Negligence by Olympus Optical Company and Olympus America Incorporated –

Survival Action

21.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 20 of plaintiff's Complaint as its response to Paragraph 21 of plaintiff's Complaint.

22.     OAI admits that it had certain duties in connection with its distribution of bronchoscopes, but denies that those duties are or were as stated in Paragraph 22 of plaintiff's Complaint.  OAI denies the remaining allegations contained in Paragraph 22 of plaintiff's Complaint.

23.     OAI denies all allegations contained in Paragraph 23 of plaintiff's Complaint, including subparagraphs a-k thereto.

24.     OAI denies all allegations contained in Paragraph 24 of plaintiff's Complaint.

25.     OAI denies all allegations contained in Paragraph 25 of plaintiff's Complaint.

26.     OAI denies all allegations contained in Paragraph 26 of plaintiff's Complaint.

Answering the WHEREFORE Paragraph following Paragraph 26 of plaintiff's Complaint, including subparagraphs a-c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT II

### Negligent Failure to Warn – Survivor Action

27.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 26 of plaintiff's Complaint as its response to Paragraph 27 of plaintiff's Complaint.

28.     OAI denies it manufactured bronchoscopes.  OAI admits that it had certain duties in connection with its distribution of bronchoscopes, but denies that those duties are or were as stated in Paragraph 28 of plaintiff's Complaint.  OAI denies the remaining allegations contained in Paragraph 28 of plaintiff's Complaint.

29.     OAI denies all allegations contained in Paragraph 29 of plaintiff's Complaint.

30.      OAI denies all allegations contained in Paragraph 30 of plaintiff's Complaint.

Answering the WHEREFORE Paragraph following Paragraph 30 of plaintiff's

Complaint, including subparagraphs a-c thereto, OAI denies plaintiff is entitled to a judgment

against or damages from it and further denies it is liable to plaintiff in any manner or amount

whatsoever.

## COUNT III

### Strict Product Liability (Failure to Warn) – Survivor Action

31.      OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 30 of

plaintiff's Complaint as its response to Paragraph 31 of plaintiff's Complaint.

32.      OAI denies it manufactured bronchoscopes.  OAI denies all remaining allegations

contained in Paragraph 32 of plaintiff's Complaint.

33.      OAI denies all allegations contained in Paragraph 33 of plaintiff's Complaint.

34.      OAI denies all allegations contained in Paragraph 34 of plaintiff's Complaint.

35.      OAI denies it manufactured bronchoscopes.  OAI denies all remaining allegations

contained in Paragraph 35 of plaintiff's Complaint.

36.      OAI denies all allegations contained in Paragraph 36 of plaintiff's Complaint.

Answering the WHEREFORE Paragraph following Paragraph 36 of plaintiff's

Complaint, including subparagraphs a and b thereto, OAI denies plaintiff is entitled to a

judgment against or damages from it and further denies it is liable to plaintiff in any manner or

amount whatsoever.

## COUNT IV

### Strict Product Liability (Defective Product) – Survivor Action

37.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 36 of plaintiff's Complaint as its response to Paragraph 37 of plaintiff's Complaint.

38.     OAI denies it manufactures bronchoscopes.  OAI denies all remaining allegations contained in Paragraph 38 of plaintiff's Complaint, including subparagraphs a-d thereto.

39.     OAI denies all allegations contained in Paragraph 39 of plaintiff's Complaint.

        Answering the WHEREFORE Paragraph following Paragraph 39 of plaintiff's Complaint, including subparagraphs a and b thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT V

### Breach of Express Warranty – Survivor Action

40.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 39 of plaintiff's Complaint as its response to Paragraph 40 of plaintiff's Complaint.

41.     OAI denies that the bronchoscopes it distributed were defective in any manner.  OAI admits that certain warranties existed in connection with the bronchoscopes it distributed, but denies that those warranties are or were as stated in Paragraph 41 of plaintiff's Complaint.  OAI denies the remaining allegations contained in Paragraph 41 of plaintiff's Complaint.

42.     OAI denies all allegations contained in Paragraph 42 of plaintiff's Complaint.

        Answering the WHEREFORE Paragraph following Paragraph 42 of plaintiff's Complaint, including subparagraphs a and b thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT VI

### Breach of Implied Warranties – Survivor Action

43.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 42 of plaintiff's Complaint as its response to Paragraph 43 of plaintiff's Complaint.

44.     OAI denies it manufactured or designed bronchoscopes.  OAI denies all remaining allegations contained in Paragraph 44 of plaintiff's Complaint.

45.     OAI denies all allegations contained in Paragraph 45 of plaintiff's Complaint.

46.     OAI denies all allegations contained in Paragraph 46 of plaintiff's Complaint.

        Answering the WHEREFORE Paragraph following Paragraph 46 of plaintiff's Complaint, including subparagraphs a and b thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT VII

### Negligent Misrepresentation – Survivor Action

47.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 46 of plaintiff's Complaint as its response to Paragraph 47 of plaintiff's Complaint.

48.     OAI denies it manufactured or designed bronchoscopes.  OAI denies all remaining allegations contained in Paragraph 48 of plaintiff's Complaint.

49.     OAI admits that it had certain duties in connection with its distribution of bronchoscopes, but denies that those duties are or were as stated in Paragraph 49 of plaintiff's Complaint.  OAI denies the remaining allegations contained in Paragraph 49 of plaintiff's Complaint.

50.     OAI denies all allegations contained in Paragraph 50 of plaintiff's Complaint.

Answering the WHEREFORE Paragraph following Paragraph 50 of plaintiff's Complaint, including subparagraphs a and b thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT VIII

### Negligence – Mr. Salvatore Dipippa, individually

51.    OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 50 of plaintiff's Complaint as its response to the first sentence of Paragraph 51 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 51 of plaintiff's Complaint.

52.    OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 52 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 52.

Answering the WHEREFORE Paragraph following Paragraph 52 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT IX

### Negligent Failure to Warn – Mr. Salvatore Dipippa, individually

53.    OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 52 of plaintiff's Complaint as its response to the first sentence of Paragraph 53 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 53 of plaintiff's Complaint.

54.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 54 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 54.

Answering the WHEREFORE Paragraph following Paragraph 54 of plaintiff's Complaint, including subparagraphs a-c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT X

Strict Product Liability (Failure to Warn) – Mr. Salvatore Dipippa, individually

55.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 54 of plaintiff's Complaint as its response to the first sentence of Paragraph 55 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 55 of plaintiff's Complaint.

56.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 56 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 56.

Answering the WHEREFORE Paragraph following Paragraph 56 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT XI

Strict Product Liability (Defective Product) – Mr. Salvatore Dipippa, individually

57.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 56 of plaintiff's Complaint as its response to the first sentence of Paragraph 57 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 57 of plaintiff's Complaint.

58.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 58 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 58.

        Answering the WHEREFORE Paragraph following Paragraph 58 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT XII

### Breach of Express Warranty, Salvatore Dipippa, individually

59.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 58 of plaintiff's Complaint as its response to the first sentence of Paragraph 59 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 59 of plaintiff's Complaint.

60.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 60 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 60.

        Answering the WHEREFORE Paragraph following Paragraph 60 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a

judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT XIII

### Breach of Implied Warranties – Mr. Salvatore Dipippa, individually

61.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 60 of plaintiff's Complaint as its response to the first sentence of Paragraph 61 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 61 of plaintiff's Complaint.

62.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 62 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 62.

Answering the WHEREFORE Paragraph following Paragraph 62 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

## COUNT XIV

### Negligent Misrepresentation – Salvatore Dipippa, individually

63.     OAI reasserts and incorporates by reference its responses to Paragraphs 1 through 62 of plaintiff's Complaint as its response to the first sentence of Paragraph 63 of plaintiff's Complaint.  OAI is without knowledge or information sufficient to respond to the allegations contained in the second sentence of Paragraph 63 of plaintiff's Complaint.

64.     OAI is without knowledge or information sufficient to respond to the allegations contained in Paragraph 64 of plaintiff's Complaint and therefore denies all allegations contained in Paragraph 64.

Answering the WHEREFORE Paragraph following Paragraph 64 of plaintiff's Complaint, including subparagraphs a and c thereto, OAI denies plaintiff is entitled to a judgment against or damages from it and further denies it is liable to plaintiff in any manner or amount whatsoever.

PRAYER FOR TRIAL BY JURY

OAI respectfully requests a trial by jury pursuant for all matters set forth in plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims against OAI, in whole or in part, may be barred by the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff's claims in whole or in part, may be preempted by applicable federal law.

**FIFTH DEFENSE**

Plaintiff's claims, in whole or in part, may be barred by the learned intermediary doctrine.

## SIXTH DEFENSE

OAI states the injuries and damages alleged in plaintiff's Complaint may have been caused by an intervening, superseding action for which it is in no way liable.  Plaintiff is therefore not entitled to recover from it in this action.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## EIGHTH DEFENSE

In the event that discovery reveals excessive damages that could have been mitigated, OAI specifically and affirmatively pleads plaintiff's or decedent's fault for failure to mitigate damages as a bar to recovery.

## NINETH DEFENSE

Should this Court find that plaintiff or decedent sustained damages for which OAI is responsible, which is expressly denied, OAI is entitled to set-off for any collateral source payments paid to either plaintiff or decedent or paid or payable to either plaintiff or decedent, and for any settlements reached with persons or parties other than OAI for the damages alleged in plaintiff's Complaint.

## TENTH DEFENSE

Plaintiff's fraud and misrepresentation claims are not pled with requisite particularity.

## ELEVENTH DEFENSE

Plaintiff unreasonably and inexcusably delayed the commencement and service of the above-entitled action to the prejudice of OAI and said action, therefore, is barred by the doctrine of latches.

## TWELFTH DEFENSE

Adequate and complete warnings and instructions were provided with the subject device, and the subject device was neither defective nor unreasonably dangerous when used according to label instructions.

## THIRTEENTH DEFENSE

The subject device conformed to the state of the art and was reasonably safe for normal and foreseeable uses, with the benefits outweighing any associated risks.

## FOURTEENTH DEFENSE

Plaintiff and decedent knowingly and voluntarily assumed any and all risks with the use of the device at issue and such assumption of the risk bars in whole or in part the damages being sought.

## FIFTEENTH DEFENSE

If plaintiff and or decedent sustained injuries attributable to the use of the device at issue, which allegations are expressly denied, the injuries were solely caused by and attributable to the unintended, unreasonable, and improper use or misuse of said device.

## SIXTEENTH DEFENSE

To the extent that plaintiff claims damages on behalf of decedent for pain and suffering, such claims are barred because they violate OAI's right to due process and equal protection.

## SEVENTEENTH DEFENSE

The imposition of punitive damages would violate OAI's equal protection and due process rights under the United States Constitution and the Maryland Constitution.

## EIGHTEENTH DEFENSE

With respect to the demand for punitive damages, OAI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. —, 123 S. Ct. 1513 (2003).

## NINETEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from OAI because an award of such damages would violate the excessive fines clauses, commerce clause and double jeopardy clause of the United States Constitution.

## TWENTIETH DEFENSE

Punitive damages may not be awarded because they are a punishment, quasi-criminal sanction for which OAI has not be afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the sophisticated user defense.

## TWENTY-SECOND DEFENSE

To the extent the subject device was sold and/or distributed but not manufactured by OAI, OAI asserts the "sealed container" defense.

## TWENTY-THIRD DEFENSE

This is an action for damages for personal injury in which the causes of action arose after July 1, 1986, and any award for non-economic damages may not exceed the statutory cap in accordance with MD. CTS. & JUD. PROC. Code Ann. § 11-108.

## TWENTY-FOURTH DEFENSE

To the extent not otherwise expressly and specifically admitted in this answer, OAI denies each and every allegation of plaintiff's Complaint.

## TWENTY-FIFTH DEFENSE

OAI reserves the right to plead additional affirmative defenses as they become known in the course of discovery.

WHEREFORE, OAI prays that plaintiff's Complaint against it be dismissed with prejudice; that judgment be entered in favor of OAI; that plaintiff recover nothing in this action from OAI; that plaintiff be assessed with all costs of this action incurred by OAI; and that OAI have such other and further relief as this Court deems just and proper.

This _15_ day of _March_, 2005.

MILES & STOCKBRIDGE, P.C.

Daniel R.Lanier
  (Maryland Bar No. 04504)
10 Light Street
Baltimore, Maryland 21202-1487
(410) 727-6464
(410) 385-3700 (fax)
dlanier@milesstockbridge.com

ATTORNEYS FOR DEFENDANT
OLYMPUS AMERICA INC.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served counsel for all parties to this action with a

copy of the foregoing ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT by

depositing same in the United States Mail in an envelope with adequate postage affixed thereon

to ensure delivery via First Class Mail as follows:

Paul A. Weykamp
The Law Office of Paul A. Weykamp
Suite 201
110 Saint Paul Street
Baltimore, Maryland  21202

This __15__ day of March, 2005.

Daniel R. Lanier